25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Peter MOORE, Defendant-Appellant.
 No. 92-4048.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1994.
 
 Before: KEITH, GUY, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Peter Moore appeals his conviction and sentence on five counts involving possession with intent to distribute cocaine base within 1000 feet of a school and firearm possession violations. For the reasons set forth herein, we affirm.
 
 I.
 A. Procedural History
 
 2
 On May 13, 1992 a federal grand jury returned a five-count indictment against Peter Moore. Moore was charged with: (1) possession with intent to distribute 50.98 grams of cocaine base (crack) in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(A) with a penalty specification for being within 1,000 feet of a school in violation of 21 U.S.C. Sec. 860; (2) use and possession of firearms during and in relation to the commission of a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c); (3) possession with intent to distribute 239.01 grams of cocaine base (crack) in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(A); and (4) and (5) involving possession of firearms by a felon in violation of 18 U.S.C. Sec. 922(g)(1). On August 11, 1992, a jury found Moore guilty on all counts. Moore received a mandatory life sentence without possibility of parole and a consecutive sixty month sentence. This appeal followed.
 
 B. Facts
 
 3
 An arrest warrant was issued for Peter Moore on January 10, 1992, on charges of aggravated trafficking in cocaine. On January 24, 1992, police officers verified by a telephone call that Moore was at his residence in Cleveland, Ohio, and went there to arrest him. Upon arrival, officers saw Moore's automobile in the parking lot and lights on in his apartment.
 
 
 4
 Seven officers proceeded to Moore's apartment, knocked on the door and announced their presence. Receiving no response, and hearing movement inside the apartment, the officers forced their way in and found Miss Patricia Keeley, Moore's girlfriend of approximately three years, sitting on the couch. The police found $2430.00 in cash on the couch with Keeley.
 
 
 5
 As the officers entered the apartment, some of them fanned out to search for Moore. One of the officers entered the bedroom of the apartment where he spotted, in plain view on the bed, a plastic baggie containing a white substance which later proved to be cocaine base (crack). Moore was not in the apartment.
 
 
 6
 Approximately twenty-five minutes later, Moore returned home. He was immediately arrested pursuant to the warrant and informed of the crack that had been found in the bedroom. Moore stated that all of the "stuff" in the apartment was his and that if they let the girl (Patricia Keeley) go, they could do anything they wanted. After explaining to Moore a consent to search form and obtaining his signature and his acknowledgment that he understood the meaning of the form, the officers proceeded to search him, finding on his person two pagers, a cellular phone and $831 in cash. They then conducted a full search of the premises and found an electronic scale with cocaine residue, plastic baggies, packing materials, a loaded Ruger .357 caliber revolver, an unloaded Smith and Wesson .38 caliber revolver and a portable phone.
 
 
 7
 While waiting for Mr. Moore to return home, Miss Keeley had informed the police officers that Moore had asked her to keep some crack cocaine and money at her home due to a recent burglary of his apartment. After Moore's arrest, Keeley took the officers to her home where she directed them to two baggies containing $2650.00 in cash and what later proved to be 239.01 grams of crack cocaine. Keeley told the officers that the crack cocaine and cash belonged to Moore.
 
 
 8
 Moore was tried by a jury and convicted on all counts of the indictment. Pursuant to 21 U.S.C. Sec. 851, the government, prior to trial, had filed an information establishing that Moore had two prior state felony convictions which the government intended to use for sentencing purposes under 21 U.S.C. Sec. 841(b). The district court sentenced Moore under 21 U.S.C. Sec. 841(b)(1)(a) and 18 U.S.C. Sec. 924(c) to mandatory life imprisonment and a mandatory consecutive sixty month sentence.
 
 II.
 A. Search and Seizure
 
 9
 Defendant Moore first argues that the district court erred in denying his motion to suppress the evidence resulting from the search of his apartment. We review the district court's findings of fact under a clearly erroneous standard and its conclusions of law de novo. United States v. Duncan, 918 F.2d 647, 650 (6th Cir.1990).
 
 
 10
 The district court held an evidentiary hearing on Moore's motion to suppress. The testimony was uncontroverted that, upon entrance into the apartment, the police officers fanned out and searched all of the rooms in the apartment. The issue before this court is whether this search was legally permissible.
 
 
 11
 Police officers executing the search warrant were permitted to search the apartment for Moore. The parties' disagreement over whether this was a permissible protective sweep is misplaced. Protective sweeps are relevant only where officers have conducted a warrantless search. Here, the officer who entered Moore's bedroom was entitled to look there for Moore pursuant to the arrest warrant. When he observed the baggie containing crack cocaine in plain view on the bed, he had probable cause to believe it was evidence of a crime. Thus, the seizure of the baggie and its contents was constitutionally permissible. Arizona v. Hicks, 480 U.S. 321, 326 (1987).
 
 
 12
 The remaining evidence seized from Moore's apartment was gathered pursuant to a valid consent form. Officers may conduct a warrantless search if they have obtained voluntary consent from the individual whose property is to be searched.[1] Schneckloth v. Bustamonte, 412 U.S. 218 (1973). The voluntariness of the consent is a question of fact determined by a totality of the circumstances. Id. at 227. Moore has not denied that he signed the form voluntarily; rather, he focuses on a lack of exigent circumstances. Moore misses the point. The police conducted a valid search of the entire premises pursuant to Moore's voluntary consent. Voluntary consent is a well-settled exception to both the warrant and probable cause requirements. Id. at 219. We find that the evidence gathered after Moore's voluntary consent was constitutionally obtained.
 
 B. Sufficiency of the Evidence
 1. Standard of Review
 
 13
 The standard for a challenge to the sufficiency of the evidence is whether, taking the evidence in the light most favorable to the prosecution, any rational trier of fact could find the elements of the offense beyond a reasonable doubt. United States v. Martin, 920 F.2d 345, 348 (6th Cir.1990) (citing Jackson v. Virginia, 443 U.S. 307 (1979)), cert. denied, 111 S.Ct. 2038 (1991). This standard mandates that a reviewing court afford the jury verdict a great deal of deference.
 
 2. Evidence Presented
 
 14
 The government presented evidence to establish either actual or constructive possession of the crack cocaine involved in the offense of conviction. The testimony offered by Miss Keeley connected Moore to all of the crack cocaine with which he was charged. Moore, however, claims that the 239.01 grams found at Keeley's house belonged to Keeley.
 
 
 15
 The trier of fact found that all of the crack cocaine, in fact, belonged to Moore. Keeley's testimony provided a reasonable juror with sufficient evidence to find that the elements of the crime had been proved beyond a reasonable doubt. We find that, viewed in a light most favorable to the government, a reasonable trier of fact could have found the elements of the crime beyond a reasonable doubt.
 
 
 16
 C. Constitutional Challenges to the Statutes
 
 1. Constitutionality of 21 U.S.C. Sec. 851
 
 17
 Moore's first constitutional argument is that 21 U.S.C. Sec. 851 is unconstitutionally vague and overbroad. The portion of that statute that is challenged in this case is a procedural requirement that the United States Attorney must file an information in order for prior convictions to be considered under 21 U.S.C. Sec. 841(b), the penalty section of Sec. 841.
 
 
 18
 Moore argues that Sec. 851 is unconstitutionally overbroad because it fails to distinguish between conduct that may be proscribed and conduct that must be permitted, and, apparently[2], because Sec. 851 permits only federal offenses to be used for enhancement. This statute does not purport to proscribe individual conduct; neither does it establish what kinds of offenses may be used to enhance sentences. Section 851 merely establishes the procedures to be followed by the United States Attorney for using prior convictions to enhance sentences. The statute provides a mechanism for the defendant to challenge or deny allegations in the information which the United States Attorney must file. Moore does not challenge any of the allegations regarding his prior convictions and he offers no authority to support his argument of vagueness or overbreadth. This argument is meritless.
 
 2. Section 841 is not an Ex Post Facto Law
 
 19
 Moore next contends that 21 U.S.C. Sec. 841 is unconstitutional as an ex post facto law, arguing that he "never had any warning much less fair warning, that his conduct in 1990 would cause him to be sentenced to a mandatory life imprisonment sentence in 1992." This does not make the statute an ex post facto law. Section 841 was amended to require the mandatory minimum penalties in 1986. Moore's prior convictions occurred on April 13, 1990, and August 9, 1990. The amendments to the statute predate all of Moore's criminal conduct. Furthermore, Sec. 851 provides a mechanism for challenging the prior convictions. Moore chose not to utilize this opportunity.
 
 3. The Sentence is Not Cruel and Unusual
 
 20
 Finally, Moore argues that his sentence of life imprisonment without possibility of parole violates the Eighth Amendment's prohibition against cruel and unusual punishment. This argument has been considered and consistently rejected by the courts. Harmelin v. Michigan, 111 S.Ct. 2680 (1991); United States v. McCann, 835 F.2d 1184 (6th Cir.), cert. denied, 486 U.S. 1026 (1988). The sentence imposed by the district court does not violate the Eighth Amendment.
 
 D. Schoolyard Provision
 
 21
 Moore's final assignment of error is that the schoolyard specification in count one is defective because it charges more than one offense. Moore did not raise this objection in the district court. Although Moore's reply brief lists a number of objections that were raised in the district court to count one (the measurement to the school, the foundation and admissibility of the evidence, etc.), none of these pertain to the specific issue regarding the duplicitous charge. When a defendant fails to raise an objection to the district court and the factual basis for the objection is apparent, the objection is waived under Fed.R.Crim.P. 12(f). United States v. Woods, 544 F.2d 242 (6th Cir.), cert. denied, 429 U.S. 1062 (1977). Moore has waived this objection.
 
 III.
 
 22
 For the foregoing reasons, the conviction and sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 This search is considered a warrantless search since the officers' arrest warrant only permits a search of the premises for Moore. Consent was necessary as a justification for the exhaustive search of Moore's apartment
 
 
 [2]
 We say "apparently" here because Moore contends first that Sec. 851 is overbroad; next he contends that Sec. 841 has been amended to encompass state narcotics felony convictions where originally it had encompassed only federal convictions; next that Congress, while intending to amend Sec. 841, deliberately chose not to amend Sec. 851; and finally that "the sweep of the sentencing enhancement statute is too broad." Since Sec. 851 has no enhancement provisions, but provides only the procedures which must be followed in order to use prior convictions to enhance under other statutes, including Sec. 841, we confess to some confusion as to what Moore really means. We take comfort in the fact that neither of the sections is overbroad or vague